**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30075 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00402-MO |
| v. | |
| RYAN FRANK BONNEAU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Ryan Frank Bonneau appeals from the 26-month sentence imposed

following his guilty-plea conviction for possession with intent to distribute a

controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

The government contends that this appeal should be dismissed in light of the appeal waiver set forth in Bonnea's plea agreement. We decline to reach that issue, and instead affirm on the merits. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (enforceable appeal waiver does not deprive this Court of jurisdiction).

Bonneau contends that the district court erred by denying Bonneau's motion to withdraw his guilty plea. The district court did not abuse its discretion in denying Bonneau's motion because Bonneau failed to show a fair and just reason for withdrawing his plea. *See* Fed. R. Crim. P. 11(d)(2)(B); *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009). Bonneau also contends that the district court erred by denying his motion for substitute counsel. To the extent this claim is not moot, the record shows that the district court did not abuse its discretion in denying Bonneau's motion. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 943-44 (9th Cir. 2009).

Bonneau further contends that the district erred when it ruled that he was permanently ineligible to receive federal benefits under 21 U.S.C. § 862. Because the district court plainly erred in making this determination, and the government

11-30075

does not object to a limited remand, we remand with instructions to correct the judgment to delete the ineligibility finding.

Bonneau's motion for review of release pending appeal is denied as moot.

**AFFIRMED in part; VACATED and REMANDED in part.**

11-30075